UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NAOMI GONZALEZ, as
personal representative of
the Estate of Monte Gonzalez,

        Plaintiff,

v.                                      Case No. 3:23-cv-243-BJD-PDB

OKEECHOBEE CORRECTIONAL
INSTITUTION, et al.,

        Defendants.
_____

## ORDER

Plaintiff, Naomi Gonzalez, is the personal representative and wife of decedent, Monte Gonzalez, a former inmate of the Florida penal system. Through counsel, Plaintiff filed a complaint to recover damages for her husband's October 13, 2022 death, which she alleges was caused by Defendants' negligence (Doc. 1; Compl.). Although Plaintiff is proceeding through counsel, she moves to proceed *in forma pauperis* (IFP) (Doc. 6).

"Federal courts are courts of limited jurisdiction" and therefore have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279-1280 (11th Cir. 2001). *See also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter

jurisdiction *sua sponte* whenever it may be lacking."). A complaint filed in a district court must allege facts showing subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).

In an apparent attempt to establish the Court has subject matter jurisdiction, Plaintiff cites "a specific statutory grant," the Federal Tort Claims Act (FTCA), and 28 U.S.C. § 1331, which provides that district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* Compl. ¶¶ 7, 9, 12. No basis for jurisdiction is properly alleged, however. Plaintiff does not invoke this Court's jurisdiction under the FTCA because she does not sue the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government." *See* 28 U.S.C. § 1346(b)(1). Rather, she sues state agencies: the Florida Department of Corrections (FDOC) and two Florida prisons (Okeechobee Correctional Institution and the Reception and

Medical Center). *See Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008) ("The FTCA is a specific, congressional exception to the United States' sovereign immunity for tort claims, under which the government may be sued by certain parties under certain circumstances for particular tortious acts committed by employees of the government." (quoting in part *Suarez v. United States*, 22 F.3d 1064, 4065 (11th Cir. 1994))).

Additionally, Plaintiff does not allege facts showing federal question jurisdiction under § 1331 because she asserts only a wrongful death claim under Florida state law. *See* Compl. ¶¶ 21-25.

Plaintiff also does not allege facts showing diversity jurisdiction exists. The relevant provision provides that district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). First, Plaintiff does not allege that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* 28 U.S.C. §1332(a); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Second, Plaintiff alleges no facts regarding the decedent's citizenship. Since Plaintiff seeks to recover solely under Florida's Wrongful Death statute, s*ee* Compl. ¶ 25 (citing Fla. Stat. § 768.21), her own citizenship is irrelevant

3

because under § 1332, "[a] legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2). To establish citizenship under § 1332, alleging residence is not enough. *See Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994))). A prisoner's citizenship is not necessarily determined by his place of incarceration. *See Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314 (11th Cir. 2002) (explaining the plaintiff was a citizen of Alabama, which is where he maintained his domicile before being incarcerated in a different state).

To the extent Plaintiff seeks to sue the FDOC, which is "an arm of the State," *Wayne v. Fla. Dep't of Corr.*, 157 F. Supp. 3d 1202, 1204 (S.D. Fla. 2016) (citing cases), the Court notes that "a state is not a citizen of a state for the purpose of diversity jurisdiction under 28 U.S.C. § 1332," *Univ. of S. Alabama*, 168 F.3d at 412 (explaining that an entity deemed to be "an arm" of the State is not a citizen). Moreover, "Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." *Uberoi v. Supreme Ct. of Fla.*, 819 F.3d 1311, 1313 (11th Cir. 2016). Indeed, the analysis for determining an

4

entity's citizenship for purposes of § 1332(a) is the same as that for Eleventh Amendment immunity. *Coastal Petroleum Co. v. U.S.S. Agri-Chemicals, A Div. of U. S. Steel Corp.*, 695 F.2d 1314, 1318 (11th Cir. 1983).

Plaintiff fails to allege facts showing the Court has subject matter jurisdiction over this action. Accordingly, the Complaint must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice** for lack of subject matter jurisdiction.

2. The **Clerk** is directed to enter judgment dismissing the action without prejudice, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of April 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Counsel of Record